## In re The SIGNATURE GROUP, Debtor.

### Bankruptcy No. 85–762.

United States Bankruptcy Court, D.R.I.

Oct. 14, 1994.

Michael A. Silverstein, Hinckley, Allen & Snyder, Providence, RI, for Creditors Committee.

Office of U.S. Atty., Everett Sammartino, Jr., Providence, RI, for IRS.

William Gabovitch, Chapter 7 Trustee, Gabovitch & Co., Boston, MA.

Sheryl Serreze, Office of U.S. Trustee, Providence, RI.

### ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on January 27, 1994, on the Creditor Committee's Petition for Instructions regarding the disposition of $31,855.52 held in escrow with the Chairman of the Committee. The background and travel are as follows: More than five years ago, on June 19, 1989, the funds in question were delivered to Stephen Barrett, as Chairman of the Creditors' Committee, for distribution to Class Four unsecured creditors, under the terms of the confirmed Chapter 11 Plan. On September 21, 1989, the case was converted to Chapter 7. For reasons not made clear to us the funds were forgotten, and the proposed distribution to creditors "fell through the cracks." [1] On July 9, 1993, the Chapter 7 Trustee filed a report of *no distribution,* and requests an order closing the case. The Creditors' Committee responds that the case is not ready to be closed, because of this unfinished (distribution) business.

All interested parties agree that the escrowed funds are not property of the estate. That leaves for determination the question whether the money held in escrow constitutes unclaimed funds, and therefore reverts to the Debtor. Under the relevant Code section:

---

1. The bottom line is that the money still reposes in escrow.

[a]ny ... money ... remaining unclaimed at the expiration of the time allowed ... for the performance of any other act as a condition to participation in the distribution under any plan ... becomes the property of the debtor or of the entity acquiring the assets of the Debtor under the plan, as the case may be.

11 U.S.C. § 347(b). In Chapter 11, the Code establishes a five year limitations period to perform any act required as a condition for participation in distribution under the confirmed plan. 11 U.S.C. § 1143. In the instant case, more than seven years have passed since the Chapter 11 plan was confirmed, and more than five years have elapsed since the money was delivered to the Creditors' Committee for distribution. We conclude here, nevertheless, that § 347 is not applicable, on the ground that the creditors entitled to this money were *not* required to perform *any* act to receive their distribution. Rather, the responsibility was with the designated professionals to see that the money was disbursed properly *and timely*. *See In re Goldblatt Bros., Inc.,* 132 B.R. 736, 740–41 (Bankr.N.D.Ill.1991). The fact that in this case they were negligent or derelict should not adversely affect the rights of creditors whose only function was to wait to receive their money. They have clearly done their part.

Accordingly, the Chairman of the Creditors' Committee is ORDERED to disburse the funds, forthwith, to the Chapter 11 Class Four Creditors, pro rata. Thereafter, any funds returned and/or remaining unclaimed as of February 1, 1995, should be returned to the Chapter 7 Trustee, as unclaimed funds.

Enter Judgment consistent with this opinion.